**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br>*Plaintiff*,<br>v.<br>TOWNSHIP OF KEARNY, AL SANTOS, STEPHEN MARKS, and VENANTE TOUSSAINT<br>*Defendants*. | Civil Action No. 21-cv-13814<br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Fritz Gerald Toussaint seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. In addition, Plaintiff filed a Motion for Preliminary Injunction. D.E. 3. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, **DISMISSES** his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES** Plaintiff's Motion for Preliminary Injunction.

## I. IFP Application

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of [her] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff indicates that his[1] monthly income is $3,400.00.

[1] Plaintiff indicates his wife has significant income. D.E. 1-1 at 1. However, Plaintiff's Complaint alleges that he and his wife are separated. D.E. 1 at 3; *see also* D.E. 1-1 at 11. Accordingly, the Court does not consider his spouse's income in deciding this motion.

D.E. 1-1 at 2. Although Plaintiff did not list a total amount for his monthly expenses, it appears that his monthly expenses equal at least $4,741.00. *See id*. at 5. Accordingly, Plaintiff has sufficiently established his inability to pay the costs of his suit and the Court grants his application to proceed *in forma pauperis* without prepayment of fees or costs.

## II. BACKGROUND

Plaintiff lists his residence at 20 Rutland Avenue, Kearny, New Jersey. D.E. 1 at 1. Defendant Venante Toussaint is Plaintiff's wife, and she is located at the same address as Plaintiff. *Id*. at 2. Defendant Al Santos is the Mayor of Kearny, with an address of 402 Kearny Ave., Kearny, New Jersey. *Id*. at 2. Defendant Stephen Marks is alleged to be an "Administrator" also located at 402 Kearny Ave., Kearny, New Jersey. *Id*. Defendant Town of Kearny is also located at 402 Kearny Ave., Kearny, New Jersey. *Id*. Plaintiff alleges he is a citizen of California and the Republic of Haiti and that all the Defendants are citizens of New Jersey. *Id*. at 3.

Plaintiff claims that on June 15, 2021, Venante asked him to move from the couple's "primary residence" at 20 Rutland Avenue. *Id*. Plaintiff refused. *Id*. Plaintiff alleges that, in response, Venante "implemented a scheme that was certain to have her Husband removed" from the couple's primary address. *Id*. Specifically, the Complaint states that Venante called "the mental health crisis number" and claimed she was concerned for Plaintiff's mental health. *Id*. As a result, the following day, an officer from Kearny's police department entered Plaintiff's residence while "Plaintiff was reading and listening to the bible on his computer." *Id*. The officer instructed Plaintiff to stop listening to his bible, but Plaintiff refused and told the officer to call his lawyer. *Id*. The officer declined to call Plaintiff's lawyer and forced Plaintiff to leave the residence under duress. *Id*. Plaintiff invoked his right to remain silent. *Id*. Plaintiff alleges that once he was outside the residence, Defendant Venante "changed the locks . . . the mailbox, sold the family

automobile, and gain[ed] sole access to the couple['s] most valuable asset, 20 Rutland Ave." *Id.* at 4.

Plaintiff claims these acts violated his right to due process, the First and Fifth Amendments, the Americans with Disabilities Act ("ADA") and the "HIPPA Rule." *Id.* Plaintiff seeks the following remedies to redress these claims: (1) "to secure from Mrs. Toussaint the keys that have been changed during the illegal lockout"; (2) "to resume all his rights, all his privileges that he enjoyed at the residence prior to 6/16/2021"; (3) "for all construction demolition to stop"; (4) "for the plaintiff to be granted sole access and use of Apt 2"; (5) "[f]or the Plaintiff to be authorized to hire [an] independent director to protect the entity that manages 20 Rutland Ave"; (6) "[t]o enjoy [*sic*] the Town of Kearny from abridging or violating the Plaintiff's civil and constitutional right"; (7) "that it stop discriminating on the basis of gender"; (8) "that it pays [*sic*] damages to the Plaintiff in the sum of $33 million." *Id.* On July 29, 2021, Plaintiff filed an "Amened Motion for Preliminary Injunction" seeking the above relief on an expedited basis. D.E. 3.

## III. STANDARDS

### A. IFP Screening

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

**B. Motion for Temporary Restraining Order and Preliminary Injunction**

Injunctions and restraining orders are governed by Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1. Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (quoting *Instant Air Freight Co. v. C.F.*

*Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)). Such relief may only be granted when a party demonstrates that he has a reasonable probability of success on the merits, he will suffer immediate and irreparable harm if the injunction does not issue, the grant of preliminary relief will not result in greater harm to the nonmoving party, and the injunctive relief is in the public interest. *N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012) (citing *Crissman v. Dower Down Entm't Inc.*, 239 F. 3d 357, 364 (3d Cir. 2001)); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

## IV. ANALYSIS

The Court first evaluates the Complaint for plausibility. Plaintiff asserts claims for (1) violation of his right to due process; (2) violation of his First and Fifth Amendment rights; (3) violation of the Americans with Disabilities Act ("ADA"); and (4) violation of the "HIPPA Rule." *See* D.E. 1. The Court addresses each claim in turn.

### A. Plaintiff's 42 U.S.C. § 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To obtain relief under Section 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (noting that Section 1983

does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights).

Plaintiff's first claim is that his due process rights were violated. D.E. 1 at 4. Generally, "[t]o state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted)). Here, Plaintiff is alleging the deprivation of his property interests – his residence, the possessions therein, and his vehicle. D.E. 1 at 3. This is not sufficiently alleged. Plaintiff does not allege that he was deprived of his property by a person acting under color of state law. Plaintiff complains that his *wife* is depriving him of access to his property, not a state actor. In addition, Plaintiff fails to identify any procedures that failed to provide him due process of law.

Construing the Complaint liberally, Plaintiff may also be asserting the deprivation of a liberty interest. Specifically, it appears that Plaintiff may be alleging that the Kearny police officer's removal of Plaintiff from his home violated Plaintiff's liberty interest. D.E. 1 at 3. This claim also fails because Plaintiff fails to adequately allege a deficient procedure. In addition, the extent of the deprivation is unclear to the Court. Plaintiff merely alleges that the Kearny police officer removed him from his home. Plaintiff does not allege he was arrested or indicate any other deprivation. Plaintiff's due process claim is not sufficiently pled.

Plaintiff also alleges a violation of his First Amendment rights. D.E. 1 at 3. It appears that Plaintiff is alleging that the Kearny police officer violated his First Amendment rights when the police officer instructed him to stop listening to his bible in the process of removing him from his residence. *Id*. The First Amendment to the Constitution provides: "Congress shall make no law

respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Where, as here, Plaintiff's Section 1983 claim is based on a First Amendment violation, he must demonstrate that "(1) []he engaged in protected activity, (2) the defendant took an adverse action against h[im], and (3) the protected activity was a 'substantial or motivating factor' in the adverse action." *J.G. on behalf of K.C. v. Hackettstown Pub. Sch. Dist.*, No. 18CV2365PGSDEA, 2018 WL 3756952, at *3 (D.N.J. Aug. 8, 2018). Here, listening to the bible appears to be a protected activity. D.E. 1 at 3. However, even assuming the police officer's instruction to Plaintiff to stop listening to the bible constituted an adverse action, Plaintiff has not alleged facts connecting the adverse action to his protected activity. Plaintiff alleges the officer told Plaintiff to stop listening to the bible and removed him from his residence to address the mental health crisis his wife reported, D.E. 1 at 3, not because the officer was motivated to stop Plaintiff from worshipping. Plaintiff's First Amendment claim also falls short.

In addition, Plaintiff asserts a violation of his Fifth Amendment rights. D.E. 1 at 3. Plaintiff appears to allege that officers of the Kearny Police Department refused to call Plaintiff's lawyer "to schedule an appointment" after he directed them to do so and that Plaintiff "invoked his right to remain silent." *Id.* In relevant part, the Fifth Amendment to the Constitution provides: "No person shall be . . . compelled in any criminal case to be a witness against himself . . . . U.S. Const. amend. V. "In *Miranda,* the Supreme Court held that the Self–Incrimination Clause of the Fifth Amendment prohibits a prosecutor from using 'statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.'" *Renda v. King*,

347 F.3d 550, 557 (3d Cir. 2003) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). The procedural safeguards are as follows:

> [T]hat a person be warned prior to custodial interrogation of his right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be provided to him.

*Id*.

Plaintiff's Fifth Amendment claim fails for several reasons. First, Plaintiff does not allege that the Kearny police officer subjected him to custodial interrogation such that his *Miranda* rights attached. Second, Plaintiff does not allege that he provided any statement to the Kearny police. Third, "[q]uestioning a plaintiff in custody without providing *Miranda* warning is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against him at trial." *Coley v. Lord*, No. CV 13-735-GMS, 2013 WL 3801664, at *5 (D. Del. June 27, 2013) (quoting *Renda v. King*, 347 F.3d at 557-58)). Assuming that Plaintiff made a statement (which he does not allege), Plaintiff's claim does not allege that his coerced statements were used against him during a criminal prosecution. *Id*. (dismissing Fifth Amendment claim under 28 U.S.C. § 1915(e)(2)(B) where the plaintiff "was not compelled to be a witness against himself in a criminal prosecution related to his arrest.")). Plaintiff's claim under the Fifth Amendment fails.

Plaintiff named the Town of Kearny as a Defendant in this matter. A municipality or local governing body cannot be held liable under a theory of *respondeat superior* for a § 1983 claim. *Monell v. Dept. of Social Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable under § 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp.

3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*. (internal quotations and citations omitted). Here, Plaintiff does not identify a policy or custom of the Town of Kearny, let alone a policy or custom that was the moving force behind his wife locking him out of his residence or any other of Plaintiff's claimed injuries. Plaintiff's *Monell* claim fails.

**B. Plaintiff's Other Claims**

Plaintiff also asserts a claim under the ADA. D.E. 1 at 4. To establish a *prima face* case of discrimination under the ADA, "the plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3d Cir. 1999) (internal quotation and citation omitted). Plaintiff does not allege that he is a disabled person within the meaning of the ADA. In addition, Plaintiff's employer is not named as a defendant in this case, and Plaintiff does not allege an adverse employment action taken against him. Plaintiff's ADA claim also fails.

Finally, Plaintiff alleges that Defendants violated the "HIPPA Rule." D.E. 1 at 4. But Plaintiff does not allege a disclosure of his medical information. Even if he had, Plaintiff's HIPAA-related claims are dismissed because the disclosure of his "medical records without his permission cannot form the basis for a civil rights action or a federal claim under [HIPAA]." *Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, at *7 n.6 (D.N.J. Apr. 28, 2016); *see also Kashkashian v. Markey*, 2017 WL 5518024, at *2 (E.D. Pa. Nov. 17, 2017) ("HIPAA, which deals with access to protected health information, does not provide a private cause of action and therefore

is not a cognizable Fourteenth Amendment claim [against state officials under Section 1983].”); *Dade v. Gaudenzia DRC, Inc.*, 2013 WL 3380592, at *2 (E.D. Pa. July 8, 2013) (finding that Plaintiff could not bring a private action to enforce HIPAA obligations, whether through the statute itself or through § 1983); *accord Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017) (“HIPAA does not create a private right of action for alleged disclosures of confidential medical information . . .”) (internal citations omitted); *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 468 (D.N.J. 2013) (“HIPAA does not provide a private right of action to remedy HIPAA violations”). Plaintiff's “HIPAA” claim fails.[2]

As to Plaintiff's request for a preliminary injunction, he has failed to demonstrate the first element – a reasonable probability of success on the merits – because none of his claims are sufficiently pled.

## V. CONCLUSION

**IT IS** on the 2nd day of August, 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days curing the deficiencies noted herein. If Plaintiff does not file an amended complaint withing thirty (30) days, then this matter will be dismissed with prejudice; and it is further

---

[2] In addition to the above noted deficiencies, the Court further notes that Plaintiff fails to provide any allegations as to the conduct of Al Santos and Stephen Marks.

**ORDERED** that Plaintiff's motion for a preliminary injunction, D.E. 3, is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order and Opinion upon Plaintiff by regular and certified mail return receipt.

John Michael Vazquez, U.S.D.J.